J. S67042/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE EDWARD CLARITT, | : | |
| | : | |
| Appellant | : | No. 875 WDA 2014 |

Appeal from the PCRA Order May 12, 2014
In the Court of Common Pleas of Warren County
Criminal Division No(s).: CP-62-CR-0000390-2011

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JANUARY 09, 2015**

Appellant, George Edward Claritt, appeals from the order entered in the Warren County Court of Common Pleas denying, after an evidentiary hearing, his first Post Conviction Relief Act[1] ("PCRA") petition. This case returns to us after we remanded to have Robert Kinnear, Esq., comply with all the requirements of **Turner**/**Finley**,[2] including filing a petition to withdraw with this Court. Because counsel's petition to withdraw is

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

materially deficient, we deny his petition and again remand to have counsel file a proper petition or an advocate's brief within thirty days.

We adopt the facts and procedural history set forth in the PCRA court's decision. **See** PCRA Ct. Op., 5/13/14, at 1-3. After an evidentiary hearing at which Appellant and his trial counsel testified, the PCRA court denied Appellant's petition on May 13, 2014. Appellant timely appealed.

On May 28, 2014, the trial court ordered Appellant to file and serve on the court a Pa.R.A.P. 1925(b) statement within twenty-one days. The docket does not reflect compliance with Pa.R.C.P. 236.[3] On June 16, 2014, Appellant filed a Rule 1925(b) statement but failed to serve a copy on the court. The PCRA court issued a Rule 1925(a) decision objecting to counsel's failure to serve the Rule 1925(b) statement.

Instantly, we ascertain whether Appellant complied with Pa.R.A.P. 1925(b)(1), which states in relevant part: "(1) **Filing and service**.— Appellant shall file of record the Statement **and** concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail . . . ." Pa.R.A.P. 1925(b)(1) (emphasis added). We must also examine whether the PCRA court strictly complied with Pa.R.C.P. 236 when it ordered a Rule 1925(b) statement. **See In re L.M.**, 923 A.2d 505, 509-10 (Pa. Super. 2007) (holding, "strict application of the bright-line rule [of Rule 1925

---

[3] We discuss this in further detail below.

waiver] necessitates strict interpretation of the rules regarding **notice** of Rule 1925(b) orders." (citation omitted)); *see also* Pa.R.Crim.P. 114(B)-(C); Pa.R.A.P. 1925(b)(2).

Rule 236 states in pertinent part:

> ### Rule 236. Notice by Prothonotary of Entry of Order or Judgment
>
> (a) The prothonotary shall immediately give written notice of the entry of
>
> * * *
>
> (2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.
>
> (b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

Pa.R.C.P. 236(a)(2), (b). Rule 236 mandates that the prothonotary give "written notice of the entry of a court order to each party and to note **on the docket** that notice was given." *Id.* at 510 (emphasis added).

> If the docket does **not** show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will **not** conclude that the appellant's issues have been waived for failure to file a Rule 1925(b) statement. That a party may have actually received notice is **not** determinative under circumstances where the docket does not reflect that notice was sent.

*In re L.M.*, 923 A.2d at 510 (emphases added and citations omitted).

In this case, Appellant's counsel inexplicably failed to serve the PCRA judge a copy of the Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). We

- 3 -

decline to find waiver, however, as the docket failed to reflect notice of the entry of the order on Appellant. *See In re L.M.*, 923 A.2d at 510. Because counsel's failure to comply with well-settled law does not result in waiver of Appellant's issues on appeal, we return to the procedural history.

Previously, Appellant's counsel filed a *Turner*/*Finley* brief with this Court without, *inter alia*, filing a petition to withdraw and complying with all the requirements of *Turner*/*Finley*. Appellant filed a *pro se* petition requesting, *inter alia*, a *Grazier*[4] hearing. This panel struck counsel's brief, forwarded to counsel Appellant's *pro se* petition per *Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) (holding, "once the brief has been filed, any right to insist upon self-representation has expired"), and ordered counsel to, *inter alia*, comply with *Turner*/*Finley*.

Appellant's counsel has filed another *Turner*/*Finley* brief, a petition to withdraw, and a "no-merit" letter. We reproduce the entirety of counsel's "no-merit" letter:

> I have enclosed a copy of the brief filed with the Superior Court, a Petition to withdraw as counsel. After review of the issues you raised I found that they were meritless. You have to right to proceed pro se in the matter or represented by new counsel, should the petition be granted.

Letter from Appellant's counsel to Appellant (Dec. 5, 2014), at 1. Appellant did not file a *pro se* response.

---

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Appellant's counsel raises the following issues:

> Is [Appellant's] claim of ineffective assistance of counsel without merit?

Appellant's *Turner*/*Finley* Brief at 4.

Prior to addressing the issues raised in the *Turner*/*Finley* brief, we examine the following in evaluating counsel's petition to withdraw:

> [I]ndependent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

*Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011) (alterations and citations omitted). Further, the *Widgins* Court explained:

> The Supreme Court [in *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009),] did not expressly overrule the additional requirement imposed by [*Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006),] decision, *i.e.*, that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to

proceed *pro se*, or with the assistance of privately retained counsel.

***Id.*** at 818.

Instantly, we have reviewed counsel's petition to withdraw and conclude it fails to comply with the requirements set forth by the ***Widgins*** Court. ***See id.*** Counsel's "no-merit" letter fails to, *inter alia*, detail "the nature and extent of his review," list every issue Appellant wished reviewed, and explain why, in counsel's view, Appellant's issues are meritless. ***See Widgins***, 29 A.3d at 817-18. Accordingly, we deny counsel's petition to withdraw and order Appellant to file a compliant petition or an advocate's brief within thirty days.

Petition to withdraw denied. Counsel ordered to file a compliant petition to withdraw or an advocate's brief within thirty days. Panel jurisdiction retained.

Judge Donohue joins the memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2015

- 6 -